```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                          CENTRAL DIVISION
                             AT LONDON
```

| ROBERT CLYNE ELLISON, | CIVIL ACTION NO. 6:16-113- KKC |
|---|---|
| Plaintiff, | |
| V. | OPINION AND ORDER |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SSA, | |
| Defendant. | |

*** *** ***

The plaintiff Robert Ellison brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision denying his claim for disability insurance benefits and supplemental security income benefits. The Court, having reviewed the record, will affirm the Commissioner's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

This Court's review of the decision by the Administrative Law Judge ("ALJ") is limited to determining whether it "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009).

In denying Ellison's claim, the ALJ engaged in the five-step sequential process set forth in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e). *See, e.g., Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Ellison has not engaged in substantial gainful activity since August 1, 2005, the alleged onset date. (Administrative Record ("AR") at 120.)

At step two, the ALJ determined that Ellison did not have a severe impairment prior to the expiration of his insured status on December 31, 2006, making him ineligible for disability insurance benefits. With regard to Ellison's application for Supplemental Social Security Income payments, however, the ALJ determined that, after the expiration of Ellison's insured status, Ellison suffered from the combined severed impairments of a history of bilateral shoulder dislocations with evidence of ongoing mild right shoulder separation; obesity; traumatic arthritis of the left ankle, status post ankle fracture; depressive disorder, not otherwise specified; and alcohol dependency. (AR at 120.)

At step three, the ALJ found that, since the expiration of Ellison's insured status, he has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR at 123.)

Before proceeding to step four, the ALJ determined that, since the expiration of Ellison's insured status, Ellison has had the residual functional capacity (RFC) to perform "medium" work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c), except that he can:

> perform no more than occasional kneeling, crouching, crawling and climbing of ladders, ropes or scaffolds and no more than frequent operation of foot controls or pushing/pulling with the left lower extremity. He can understand and remember simple instructions and procedures; can sustain attention, concentration and pace for simple task completion; can tolerate occasional, casual contact with coworkers, supervisors and the general public; and can adapt to occasional changes in the workplace that are gradually introduced with reasonable support and structure.

(AR at 125.)

At step four, the ALJ determined that Ellison has no past relevant work. (AR at 128.)

At step five, the ALJ determined that, given Ellison's RFC, age, education, and work experience, since the expiration of his insured status, there have been jobs that exist in significant

numbers in the national economy that Ellison can perform and, thus, he is not disabled. (AR at 128.)

## ANALYSIS

Ellison raises really only one objection to the ALJ's decision. He argues that the ALJ erred in failing to find that Chronic Obstructive Pulminary Disease (COPD) and chest pains were severe impairments and in failing to consider these conditions in determining his RFC.

The ALJ did, however, find that Ellison suffered from some severe impairments i.e., a history of bilateral shoulder dislocations with evidence of ongoing mild right shoulder separation; obesity; traumatic arthritis of the left ankle, status post ankle fracture; depressive disorder, not otherwise specified; and alcohol dependency. Having found any severe impairment, the ALJ was then required to proceed to the remaining steps of the disability determination. In making the determination, "the ALJ must consider limitations and restrictions imposed by all of [the] individual's impairments, even those that are not severe." *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013) (quoting *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir.2007)). "Thus, so long as the ALJ considered all of the individual's impairments when assessing how much work the claimant can do, the 'failure to find additional severe impairments . . . does not constitute reversible error.'" *Id.* (quoting *Fisk*, 253 F. App'x at 583).

Accordingly, the real issue is whether the ALJ appropriately considered COPD and chest pains when determining Ellison's ability to work. In his motion, Ellison argues that the ALJ erred because the RFC did not include certain environmental restrictions contained in the opinion of consultative examiner Dr. Kathleen Monderwicz, who performed a cardiology examination of Ellison on May 28, 2014. (DE 11-1, Mot. at 14.)

Of the restrictions noted by Ellison in his motion (DE 11-1, Mot. at 14), the ones that appear most relevant to chest pains or COPD are restrictions that Ellison never work around dust, odors, fumes, or pulmonary irritants and that he only occasionally work around humidity and wetness, extreme cold, and extreme heat. (AR at 757.) The ALJ assigned only "negligible weight" to Dr. Monderwicz's opinion. However, the ALJ gave adequate reasons for doing so.

The ALJ explained that Dr. Monderwicz's opinion assigned "substantial consideration to the claimant's subjective complaints." (AR at 128.) As to Ellison's subjective complaints about breathing problems, the ALJ noted that Ellison took no medications for any breathing condition and that "his primary care notes are essentially bereft of any contemporaneous reports of such symptoms." (AR at 123.) The ALJ further noted that Ellison did not list any breathing problems when he filed his disability claim or in two of his consultative examinations. (AR at 123.) The ALJ concluded that the lack of any treatment notes for breathing problems, the lack of any diagnostic testing, and Ellison's admission that he takes no medication for such problems supported a finding "that he does not have a medically determinable pulmonary impairment."(AR at 123.)

Likewise as to Ellison's subjective complaints of "chest pain," the ALJ noted that, while Ellison testified that he has had two heart attacks and reported in a consultative examination that the attacks occurred in 2011, there were no treatment notes indicating even complaints of chest pain that year. (AR at 122.) The ALJ found "the longitudinal record fails to bolster the claimant's claim of multiple heart attacks, and there is absolutely nothing objective in the medical record to substantiate the claimant's contention that he has had multiple heart attacks or his testimony that he might require open heart surgery in the future." (AR at 122.) The ALJ noted that Ellison sought emergency room treatment in 2012 for chest pain, but that the examination revealed only

4

alcohol intoxication. (AR at 122, 453.) Ellison points to certain medical records indicating that he complained of chest pains at various medical visits from 2012 to 2014, but, again, these reflect only Ellison's subjective complaints and no associated definitive diagnosis.

As to Dr. Monderwicz's *objective* findings, she noted that Ellison's "pulmonary exam appeared normal." (AR at 764.) She also noted that the "lungs are clear to auscultation with no wheezes, rales, rhonchi or rubs" (AR at 763) and that Ellison experienced no "dyspnea on exertion." (AR at 765.) Likewise, Dr. Monderwicz found that Ellison did not complain of exertional chest pain. (AR at 765.) She further noted that "spirometry results were not available to assess with any degree COPD." (AR at 764.)

The ALJ reasonably determined that the restrictions contained in Dr. Monderwicz's opinion were substantially based on Ellison's subjective complaints instead of objective medical evidence. Accordingly, the ALJ did not err in failing to include the environmental restrictions in the RFC.

Ellison also asserts a general objection that the ALJ's determination was not supported by substantial evidence. Such an objection is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Wyatt v. Barnhart*, 190 F. App'x 730, 732 (10th Cir.2006) (citation omitted). Accordingly, the Court need not address this general objection. Nevertheless, the Court finds that the evidence cited by the ALJ in support of his decision is substantial.

For all these reasons, **IT IS HEREBY ORDERED** that:

1. The plaintiff's motion for summary judgment (DE 11) is **DENIED**;
2. The defendant's motion for summary judgment (DE 12) is **GRANTED**;

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and was decided by proper legal standards; and

4. A judgment will be entered contemporaneously with this order.

Dated September 27, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY